**MKK TECHNOLOGIES, INC./NORTH STAR CONSTRUCTION, a Joint Venture, Plaintiff–Appellant,**

**v.**

**Wayne SCOTT, Individually and as Executive Director, Texas Department of Criminal Justice, et al., Defendants–Appellees.**

No. 94–10821.

United States Court of Appeals,
Fifth Circuit.

Aug. 24, 1995.

Stephen K. Yungblut and Terry L. Salazar, Ford & Nelson, P.C., Dallas, TX, for appellant.

Terrence L. Thompson, Asst. Atty. Gen., and Dan Morales, Atty. Gen., Austin, TX, for appellees.

Before HIGGINBOTHAM and PARKER, Circuit Judges, and McBRYDE, District Judge.*

PATRICK E. HIGGINBOTHAM, Circuit Judge:

MKK sued officials of the Texas Department of Criminal Justice claiming they deprived it of procedural due process in preventing a timely resolution of its contract dispute with the State of Texas. The district

---

* District Judge, of the Northern District of Texas, sitting by designation.

court dismissed MKK's claim. We find that the ODR's decision was timely and affirm.

## I.

MKK Technologies, Inc./North Star Construction, Inc., contracted with the Texas Department of Criminal Justice—Institutional Division to build a prison near Abilene, Texas. MKK alleges that the TDCJ interfered with the progress of the project, causing substantial delays and cost overruns. MKK also alleges that the TDCJ took possession of the completed facility without paying MKK for the cost overruns.

Pursuant to the contract's dispute resolution clause, MKK submitted its $22 million claim to the Owner's Designated Representative in September 1993. Approximately six months later, impatient for the ODR's decision, MKK filed this suit in federal district court against the TDCJ and James A. Collins, then Director of TDCJ–ID. MKK's original complaint contended that the TDCJ instructed the ODR to refrain from deciding MKK's claims in an effort to deprive MKK of its rights under the contract.

The defendants moved to dismiss MKK's complaint for failure to state a claim. Fed. R.Civ.P. 12(b)(6). MKK amended its complaint, dropping the TDCJ as a defendant and adding Wayne Scott, Director of TDCJ–ID, and James A. Collins, Executive Director of TDCJ, as defendants in their individual and official capacities. On August 5, 1994, the district court dismissed MKK's amended complaint for failure to state a claim under § 1983. On August 31, 1994, MKK filed a notice of appeal. On May 15, 1995, the ODR rendered its decision, awarding MKK a maximum of $2.1 million.

Meanwhile, MKK had petitioned the Texas legislature for permission to sue the state pursuant to Tex.Civ.Prac. & Rem.Code Ann. §§ 107.001–.005 (Vernon Supp.1995). On May 29, 1995, the Senate adopted Senate Concurrent Resolution No. 104, which granted MKK permission to sue the state for the TDCJ's alleged breach of contract. The Resolution authorized an award of damages not to exceed five million dollars, including court costs, attorney's fees, and prejudgment interest. Governor Bush approved the Resolution on June 5, 1995.

On June 16, 1995, MKK filed a letter brief clarifying its position in light of the ODR's decision and the Senate Resolution. It argued that its § 1983 claim was not mooted by these events, pointing to an asserted property interest in a "timely" decision by the ODR. MKK also claimed that the Resolution authorizing its suit against the state did not provide an adequate remedy because "[i]f one assumes that MKK's damage claim is worth more than $5 million exclusive of court costs, attorney's fees and prejudgment interest, then under Senate Concurrent Resolution No. 104, there is no mechanism to reimburse MKK for its delay costs other than a § 1983 action. The action of the legislature in cutting MKK's claim from more than $22 million to a cap of $5 million is arbitrary and capricious and it does not provide the post-deprivation hearing envisioned by *Parratt.*" *See Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).

## II.

MKK's effort here is to state a claim for deprivation of property without due process. *See Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 428, 102 S.Ct. 1148, 1153–54, 71 L.Ed.2d 265 (1982). It is important to keep in mind that the asserted property interest has narrowed to a "timely" decision by the ODR. In other words, MKK claims that it had a property interest in a timely resolution by the ODR.

Assuming that such a property interest can exist, we conclude that the ODR's decision was timely, and hence that MKK has suffered no deprivation. Keeping in mind that MKK's claim before the ODR was for $22 million arising from a complex construction activity, we are not persuaded that the time for decision was so great as to be constitutionally infirm.[1]

---

1. MKK could not have expected an instantaneous decision by the ODR. Had we found the ODR's decision untimely, and if, *arguendo,* we agreed with MKK that the delay would have entitled MKK to some relief—limited to the elapsed time beyond what would have been timely—MKK's due process claim would still falter, since the Texas senate's $5 million waiver of sovereign

### III.

For the foregoing reasons, we AFFIRM the decision of the district court.

immunity provides an adequate post-deprivation remedy for any injury suffered by the ODR's untimeliness. *See Parratt v. Taylor,* 451 U.S. 527, 543, 101 S.Ct. 1908, 1917, 68 L.Ed.2d 420 (1981).